UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECHNICAL SALES ASSOCIATES, INC.,

   Plaintiff,

v.                                              Case No. 08-13365

OHIO STAR FORGE CO.,             HONORABLE AVERN COHN

   Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION TO CONSOLIDATE
AND
DENYING PLAINTIFF'S MOTION TO REMAND[1]**

I. Introduction

This is a dispute over sales commissions. Plaintiff Technical Sales Associates, Inc. ("TSA") is suing defendant Ohio Star Forge Company ("OSF") claiming a breach of a 2003 Sales Representative Agreement ("2003 Agreement"). TSA says that OSF breached the 2003 Agreement by applying the commission cap from a subsequent 2005 Sales Representative Agreement ("2005 Agreement") to sales which were made prior to the effective date of the 2005 Agreement. As will be explained, the 2005 Agreement is the subject of another case before the Court, case # 07-11745 ("the 2007 Action").

Before the Court is OSF's motion to consolidate the instant case with the 2007

---

[1] The Court originally scheduled these motions for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Action. Also before the Court is TSA's motion to remand on the grounds that the amount in controversy requirement is not satisfied. For the reasons that follow, OSF's motion to consolidate will be granted and TSA's motion to remand will be denied.

II. Background

TSA, a Michigan corporation with its principle place of business located in Livonia, Michigan, is an independent sales representative firm in the automotive industry. OSF, a Delaware corporation with its principle place of business located in Warren, Ohio, is a manufacturer of forged steel products. The parties' relationship reaches back to the 1990s; the dispute in this case deals with two separate sales representative agreements entered into by the parties: the 2003 Agreement and the 2005 Agreement.

On or about October 20, 2003, TSA and OSF entered into the 2003 Agreement. Under the 2003 Agreement, TSA was appointed as OSF's exclusive sales representative on various accounts. OSF was obligated to pay TSA sales commissions. The 2003 Agreement did not include any monthly cap or limitation on the sales commissions which could be earned by TSA in any particular month.

On or about December 1, 2005, TSA and OSF executed a new sales representative agreement, the 2005 Agreement. Similar to the 2003 Agreement, the 2005 Agreement identified exclusive accounts and set forth TSA sales commissions. The 2005 Agreement also contains specific provisions that limited commissions paid to TSA in any given month with regard to any particular customer to $29,500.

On April 18, 2007, OSF notified TSA that it was terminating the 2005 Agreement effective immediately.

The next day, April 19, 2007, TSA filed the 2007 Action in federal court claiming breach of contract. TSA asserted federal jurisdiction based on diversity of citizenship and seeks damages in excess of $75,000.00. TSA later filed a motion to amend the complaint to add a claim under the Michigan Sales Representative Commissions Act (MSRCA). OSF opposed the motion. The Court granted the motion. See Order filed April 14, 2008.

On July 16, 2008, TSA filed the instant case ("the 2008 Action") in Wayne County Circuit Court claiming breach of the 2003 Agreement by improperly applying the monthly cap from the 2005 Agreement. TSA seeks damages in the amount of $10,614.05 plus the double damages penalty available under the Michigan Sales Representative Commissions Act ("MSRCA"), for total damages of $21,228.10. TSA also seeks attorney fees as provided under the MSRCA and costs.

On August 4, 2008, OSF removed the 2008 Action to federal court on the grounds of diversity.

The parties then filed the instant motions. Each is addressed in turn.

### III. Motion to Consolidate

#### A. Legal Standard

Under Fed. R. Civ. P. 42(a), "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Cantrell v. GAF Corp., 999 F.2d 1007, 1010-11 (6th Cir. 1993). The decision whether or not to consolidate cases involving the same factual or legal

questions for trial is a matter within the discretion of the trial court. Id. at 1011. This discretion, however, is limited by certain factors that a district court must consider in deciding whether to consolidate separate lawsuits for trial. The Sixth Circuit explained that such factors to consider include "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Id.

"Consolidation may be properly denied in instances where the cases are at different stages of preparedness for trial." Mills v. Beech Aircraft Corporation, Inc., 886 F.2d 758, 762 (5th Cir. 1989). Also, when the court lacks subject matter jurisdiction over one of the cases which a party seeks to consolidate, consolidation under Fed. R. Civ. P. 42(a) is improper. Heck v. Board of Trustees, Kenyon College, 12 F. Supp. 2d 728, 747 (S.D. Ohio 1998). The Supreme Court has explained that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933).

B. Analysis

TSA says that the motion to consolidate should be denied because the 2007 Action and the 2008 Action do not involve common questions of fact and law. TSA says that the 2008 Action relates solely to OSF's breach of the 2003 Agreement while the 2007 Action only seeks damages relating to the 2005 Agreement. According to TSA,

4

the alleged breaches of contract in each of the lawsuits are separate and distinct events which occurred several years apart. The 2008 Action involves alleged breaches that occurred in early 2005 while the 2007 Action involves alleged breaches that occurred in 2007 and have continued in 2008. TSA also says that consolidation is not appropriate because the 2007 Action is ready for trial and it will be prejudiced if the cases are consolidated.

OSF, on the other hand, says that both the 2007 Action and 2008 Action involve claims that OSF breached a sales representative agreement by failing to pay sales commissions on sales made by TSA to OSF and seeks damages for unpaid sales commissions. Both actions claim that OSF breached its contracts with TSA and that OSF violated the MSRCA. As to the claim under the MSRCA in both actions, the Court must determine the applicability of the MSRCA and the MSRCA's cap on penalty damages. Furthermore, OSF asserts that in both actions, the Court must determine which party committed the first material breach.

OSF offers the better view. Consolidation is appropriate based on the <u>Cantrell</u> factors. The parties in both cases are identical, and although TSA contends otherwise, there is a minimal risk of prejudice. Allowing the cases to be tried separately would burden the parties, the witnesses, as well as the courts since they would be forced to duplicate their efforts. While TSA alleges that OSF is attempting to delay the actions before the court, multiple suits will take longer to conclude than a single suit. The expense of conducting multiple suits favors consolidation because the parties would likely undergo extra expense if these cases were to be heard separately. The claims and counterclaims are related, the contracts involve the same parties (and thus very

5

similar), and as a matter of convenience and economy will be consolidated. Finally, because the issues involved in both cases are substantially similar, it would seem that the case could follow the scheduling track in the 2007 Action.

## IV. Motion to Remand

### A. Legal Standard

Removal is governed by 28 U.S.C. § 1441(a), which demands that "except as otherwise provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "A party seeking a federal venue by virtue of removal must establish the jurisdictional requirements of that venue." Smith v. Nationwide Property & Casualty Ins. Co., 505 F.3d 401, 404 (6th Cir. 2007). The party seeking removal has the burden of showing that the district court has original jurisdiction. Brittingham v. General Motors Corp., 526 F.3d 272, 277 (6th Cir. 2008). A federal court has original jurisdiction over claims in which a plaintiff's claims against a defendant exceed $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332(b). Where the face of the complaint does not affirmatively establish the requisite amount in controversy, a removing defendant must set forth [in the removal documents] specific facts which form the basis of its belief that there is more than the jurisdictional amount required at issue in the case. Thompson v. Fritsch, 966 F.Supp 543, 545 (E.D. Mich. 1997).

A single plaintiff may aggregate the value of her claims against a defendant to meet the amount in controversy requirement, even when those claims share nothing in

6

common besides the identity of the parties.  Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006); Snyder v. Harris, 394 U.S. 332, 335 (1969).

Generally, attorneys fees should not be included for purposes of determining the amount in controversy for diversity cases.  Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 1996).  However, the Sixth Circuit has affirmed the general principle of considering statutorily authorized attorneys fees for purposes of establishing jurisdiction.  Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.")

B.  Analysis

1.

In its notice of removal, OSF says this Court has original jurisdiction over TSA's claim pursuant to 28 U.S.C. § 1332 because the matter it is between citizens of different states and involves an amount in controversy in excess of $75,000, exclusive of interest and costs, and thus is properly removed pursuant to 28 U.S.C. § 1441(b).  TSA says that complete diversity exists and that the amount in controversy is satisfied by aggregating TSA's claims in the 2008 Action with its claims in the 2007 Action.

As an initial matter, the parties are the exact same parties and this Court already has diversity jurisdiction over the pending 2007 Action.  Complete diversity exists in the 2008 action for the same reasons: TSA is a citizen of Michigan, and OSF is a citizen of Ohio and Delaware.  Moreover, TSA plead in the complaint in the 2007 Action that it seeks damages in excess of $75,000.00

TSA, however, says that the amount in controversy requirement cannot be

satisfied by aggregating claims from the two separate lawsuits.  TSA also says that the most it seeks in the 2008 Action is damages for breach of contract in the amount of $10,614.05 which may be doubled under the MSRCA, for a maximum award of $21,228.10.

OSF says that the Court should aggregate the claims because this case involves a single plaintiff and a single defendant.  Because the 2007 Action case clearly involves in excess of $75,000, aggregation will clearly satisfy the amount in controversy requirement in the 2008 Action.

Alternatively, OSF says that TSA has requested attorney fees, and as a result that this case is more likely than not in excess of $75,000.00  TSA has not asserted that it will cap its attorney fees at $43,000.00 - the amount necessary to bring the case under $75,000.00.

Finally, OSF says that when considering its compulsory counterclaim, the amount in controversy would be in excess of $75,000.00.

2.

OSF's position is well-taken.  The amount in controversy is in excess of $75,000.00 when considering the undisclosed amount of statutory attorney fees requested in the 2008 Action.  As noted above, TSA has not indicated that it will cap its attorney fee request at $43,000.00.

Moreover, the claims in the 2007 Action and the 2008 Action may be aggregated even though they come from two separate cases.  Both cases involve the same parties and the same issues surrounding their sales relationship.  Aggregating the claims easily satisfies the $75,000.00 requirement.

It is not necessary to address OSF's argument that its counterclaim may be considered for purposes of establishing the amount in controversy requirement , although the Court notes that this argument represents a minority position.  See Halstead v. Southerncare, Inc., 2005 WL 2261454 at * 3 (W.D. Mich. 2005).

V.  Conclusion

For the reasons stated above, OSF's motion to consolidate is GRANTED.  TSA's motion to remand is DENIED.

SO ORDERED.

                    s/Avern Cohn  
                    AVERN COHN  
                    UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 29, 2008, by electronic and/or ordinary mail.

                    s/Julie Owens  
                    Case Manager, (313) 234-5160