UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECHNICAL SALES ASSOCIATES, INC.,

    Plaintiff,

v.                                                     Case Nos. 07-11745, 08-13365

OHIO STAR FORGE CO.,                 HONORABLE AVERN COHN

    Defendant.
_____/

**MEMORANDUM REGARDING
MIDWEST'S MOTION FOR ATTORNEY FEES AND COSTS**

I.

This is a dispute over sales commissions which are the subject of two consolidated cases. Plaintiff Technical Sales Associates, Inc. ("TSA") is suing defendant Ohio Star Forge Company ("OSF") claiming a breach of a 2003 Sales Representative Agreement ("2003 Agreement"), case no. 08-13365, and a breach of a 2005 Sales Representative Agreement ("2005 Agreement"), case no. 07-11745.

After a protracted discovery dispute, TSA and OSF agreed to a forensic examination of OSF's computers in particular to search for an email, known by the parties as the Marado email. The examination was conducted by Midwest Data Group, LLC (Midwest). The parameters of the examination are set forth in a Stipulated Order Regarding Forensic Examination of Defendant's Computer System (Stipulated Order, Dkt. #30), filed October 23, 2008. The examination did not yield the Marado email or any other similar documents. However, the examination did reveal that several files had

been deleted. Midwest prepared a report of its findings regarding the deleted files. Midwest after conferring with counsel for TSA, was of the opinion that the Stipulated Order did not first require disclosure of the findings to OSF; it then sent the report directly to TSA. TSA, without first talking to OSF, filed a motion for sanctions for destruction of electronic evidence. OSF then responded in like by filing a motion for contempt against TSA and Midwest for violations of the Stipulate Order as well as a protective order.

The Court denied OSF's motion and granted TSA's motion, reserving the nature of the sanctions for trial. See Memorandum and Order (Dkt. #51) filed March 19, 2009.

Now before the Court is Midwest's motion for attorney fees and costs associated with defending against OSF's contempt motion. This memorandum outlines the Court's view of the motion.

II.

The Court, in denying OSF's motion for contempt, found that Midwest did not violate the Stipulated Order. That does not mean, however, that Midwest was free from blemish. Likewise, neither are OSF and TSA. Stated simply, each party acted rather poorly.

The Stipulated Order, which was the product of extended discussions between counsel, did not deal with a situation where the examination revealed evidence of wrongdoing, such as file deletions. It obviously should have. Rather, the Stipulated Order focused on the discovery of actual data, i.e. the Marado email and similar documents, and provided that OSF was to first receive a report of the actual data found so that it could determine any confidentiality concerns before this data was turned over

to TSA.  There was no actual data discovered.

Be all this as it may, Midwest's action in sending a report which accused OSF of wrongdoing directly to TSA instead of first talking to OSF about what it found, thus giving OSF a chance to explain if it could, was at best naive.  Midwest should have given the substance of the report to OSF so OSF had the opportunity to address the wrongdoing described before seeing it for the first time in TSA's motion for sanctions.  TSA's advice to Midwest that it did not have to disclose the report to OSF was ill-advised.  OSF's reaction to TSA's motion - filing a motion for contempt - was overblown.  The parties' handling of the matter comes as no great surprise given the history of this litigation and the procedural wrangling that has bogged down the case from the beginning.  Now, an electronic discovery dispute has become the sideshow which eclipses the circus.  Midwest has been unwittingly caught in the middle of the parties' contentious litigation tactics.  While Midwest's actions did not rise to the level of contempt, they are by no means free from taint.

All of this gives the Court pause in granting Midwest's motion for attorney fees and costs.  However, consistent with the approach on TSA's motion for sanctions, the Court will reserve decision on the motion until the end of the case.  In the meantime, Midwest shall submit its detailed billing records displaying the amount of attorney fees and cost incurred.

Dated:  May 1, 2009           s/ Avern Cohn  
                                          AVERN COHN  
                                          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 1, 2009, by electronic and/or ordinary mail.

                                          s/ Julie Owens  
                                          Case Manager, (313) 234-5160